UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| Coleman A. Green | : | Case No.: 20-11598(MDC) |
| | : | |
| Debtor (s) | : | Chapter 13 |

## MOTION TO AVOID A JUDICIAL LIEN PURSUANT TO 11 USC 522(f)

Coleman A. Green hereinafter referred to as "Debtor" move this Honorable Court for an Order Avoiding the Judicial Lien held by Midland Funding, LLC and in support thereof aver as follows:

1. Debtor filed a Chapter 13 Bankruptcy on or about March 13, 2020.

2. This Motion is filed pursuant to 11 USC § 522(f) to avoid and cancel a judicial lien held by Midland Funding, LLC on the real property known as and located at 1113 Stewart Place, Philadelphia, PA 19116 (hereinafter referred to as "the property").

3. Midland Funding, LLC obtained a judgment against the Debtor stemming from the case numbered SC-18-08-28-6894 in Philadelphia Municipal Court. A true and correct copy of the judgment is attached hereto, incorporated herein and labeled as "**Exhibit A**."

4. The judgment was entered and damages were assessed at $1,241.54 in favor of Midland Funding, LLC.

5. The property is the Debtor's residence and at the time of filing had a value of $220,780.00 without deducting any reasonable and necessary costs for a potential sale, as evidenced by a fair market valuation. Attached hereto, incorporated herein and labeled as "**Exhibit B**" is a fair market valuation of the residence.

6. The Debtor's residence is encumbered by a mortgage of $206,693.00 held by Wells Fargo Bank, NA/PHH Mortgage Servicing. A true and correct copy of the relevant portion of the mortgagee's proof of claim is attached hereto, incorporated herein and labeled as "**Exhibit C**."

7. Under 11 U.S.C § 522 (f)(2)(A) "a lien shall be considered to impair an exemption to the extent that the sum of…(i) the lien; (ii) all other liens on the property; and (iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens."

8. The Debtors have elected to use 11 U.S.C § 522(D)(1) Exemption on his residence, which has rendered any and all equity fully exempt.

9. The aforementioned judicial lien impairs the Debtors' exemption on his residence, and is otherwise unsecured based on the value of the Debtor's residence.

**WHEREFORE**, the Debtors request an Order avoiding the judicial lien on Debtors' residence and for such additional or alternative relief as may be just and proper.

Dated: May 29, 2020         /s/Brad J. Sadek, Esq
              Brad J. Sadek, Esq.
              Sadek and Cooper Law Offices
              Attorney for Debtor
              1315 Walnut Street
              Suite #502
              Philadelphia, PA 19107